[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 269.]

COLUMBUS BAR ASSOCIATION *v*. SAKER.

[Cite as *Columbus Bar Assn. v. Saker*, 2000-Ohio-334.]

*Attorneys at law—Misconduct—Six-month suspension—Entering into a business relationship with client when attorney and client have differing interests.*

(No. 99-1557—Submitted November 16, 1999—Decided March 22, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-91.

_____

{¶ 1} On November 30, 1998, relator, Columbus Bar Association, filed a complaint charging respondent, Theodore R. Saker, Sr., of Columbus, Ohio, Attorney Registration No. 0023293, with several violations of the Disciplinary Rules. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that respondent, who at the time of hearing had been an attorney for fifty-two years without a grievance having been filed against him, agreed in 1989 to buy a Florida condominium from his clients, Alio Gasbarro and his wife, Lynn. The Gasbarros, who wished to purchase another residence in Florida, were searching for a buyer of the condominium, so that they could finance the new residence. Respondent prepared a purchase agreement, which he and his wife executed in November 1989, committing them to pay the Gasbarros for their equity in the property and assume the existing mortgage. The respondent also prepared a warranty deed, which the Gasbarros executed in July 1990, transferring the property to respondent and his wife. No closing documents were executed. Respondent and his wife paid approximately $32,000 to the Gasbarros for their equity interest. Respondent and his wife in 1994 executed a quitclaim deed transferring the property to respondent's wife, as trustee of the Saker Family Trust.

**{¶ 3}** Respondent told the Gasbarros that he would make the current mortgage payments and obtain other financing within a year. Respondent was not aware that the Gasbarros' current mortgage contained both a due-on-sale clause and a requirement for the mortgagee's prior consent to any sale, nor did he take steps to learn about those restrictions. Respondent therefore did not advise the Gasbarros that, because there was no agreement with the mortgagee, they would remain liable on the mortgage, and he did not tell them of the due-on-sale clause. Respondent also did not advise the Gasbarros to retain independent counsel to represent them in the transaction.

**{¶ 4}** Respondent and his wife took possession of the condominium. He attempted to obtain a loan to pay off the Gasbarro mortgage but was unsuccessful. For six years respondent made payments totaling almost $60,000 on the Gasbarros' mortgage, and also paid $29,000 in fees to the condominium association.

**{¶ 5}** In April 1996, respondent sued Alio Gasbarro for unpaid legal fees and, according to the panel, was ultimately awarded a judgment of over $81,000.

**{¶ 6}** Respondent never missed a mortgage payment, but in September 1996, the mortgagee advised the Gasbarros that the mortgage payments were late and that the sale was in violation of the provisions of the mortgage. In November 1996, an attorney for the Gasbarros asked respondent to "[g]et the mortgage on the * * * property out of Lynn Gasbarro's name and into your wife's name." In April 1997, the mortgage company requested that respondent's wife assume the mortgage but indicated that it would retain the Gasbarros as obligors.

**{¶ 7}** In May 1997, the Saker Family Trust filed suit in Franklin County Common Pleas Court against Mrs. Gasbarro alleging, *inter alia,* that Mrs. Gasbarro had withheld from respondent's wife information about the existence of the due-on-sale clause and that by failing to forward mortgage payment coupons, Mrs. Gasbarro had jeopardized respondent's wife's possession of the condominium. Mrs. Gasbarro's motion for summary judgment was denied. In February 1998, the

mortgagee agreed to accept respondent's wife as a successor mortgagor and release Mrs. Gasbarro, and the Saker Family Trust voluntarily dismissed the complaint. In August 1998, the court denied a motion by Mrs. Gasbarro for a hearing to determine whether the plaintiff's conduct in filing the suit was frivolous.

{¶ 8} The panel concluded that respondent's conduct during the sale transaction violated DR 5-104(A) (entering into a business relationship with a client if the lawyer and the client have differing interests and the client expects the lawyer to exercise professional judgment for the protection of the client, unless the client has consented after full disclosure).

{¶ 9} Additionally, the panel, after characterizing the Franklin County lawsuit as "preemptive," found that by filing such a suit respondent violated DR 7-102(A)(1) (asserting a position which would serve only to harass or maliciously injure another). Taking into account respondent's fifty-two-year career as an attorney and respondent's belief that by entering into the transaction he was doing his client a favor, the panel recommended that respondent be suspended from the practice of law for six months with the entire six months stayed.

{¶ 10} The board adopted the findings, conclusions, and recommendation of the panel.

————————————

*Julia A. Davis, David K. Greer* and *Patricia K. Block,* for relator.

*Theodore R. Saker, Sr., pro se,* and *Theodore R. Saker, Jr.,* for respondent.

————————————

*Per Curiam.*

{¶ 11} We adopt the findings and conclusions of the board. This case demonstrates the hazards that exist when an attorney enters into a business transaction with a client and the reasons for DR 5-104(A). Respondent believed he was doing a favor for a person who was a client and a friend and, probably as a result of their longstanding relationship, was too informal in negotiating and documenting the real estate transfer. Most important, in a situation where the client assumed that respondent was exercising professional judgment on his behalf, respondent failed to obtain his client's consent after full disclosure. When the attorney-client relationship deteriorated, the fruits of respondent's casual approach to the documentation of the sale and the Disciplinary Rule requirements were harvested. We find a clear violation of DR 5-104(A).

{¶ 12} Respondent is hereby suspended from the practice of law for six months. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---